All right, we're ready to proceed Mr. Harris. Thank you, Your Honor. May I reserve six minutes for rebuttal? How long? Six minutes, please. Six? Are you saying six? I'm sorry. Okay. Well, aspirationally you can if you have that amount of time left, but I don't know what our questions are going to be, so go ahead. Thank you. May it please the Court, Marty Harris on behalf of Phil Martinez and Jorge Soria. I want to start off with four points that I think are important. First, in the brief we had discussed that the notice of claim was jurisdictional. Additional research in preparation with this morning, it's no longer considered jurisdictional in Arizona. It's more like a we'll get back to that later, so I wanted to clear that up first. Second, the Pelley's motion to dismiss, which raised preclusion based on the notice of claim, is at the 12B6 stage an affirmative defense on which they had the burden. But they concede in briefing to this Court that the 12B6 order from the Arizona Superior Court was not an adjudication on the merits. That's at ECF 29.1 in this Court at page 14, where the appellees say, quote, dating back to 2012, well before the filing of the lawsuit, federal courts applying Arizona law have held that a dismissal due to a failure to comply with notice of claim statute is not an adjudication on the merits. So, Mr. Harris, do you agree that the issue presented here, whether notice of claim defects are final decisions on the merit, is an unsettled issue under Arizona law? Do you agree with that? I agree that at the time it was an unsettled issue under Arizona law, but subsequently in 2023 that issue had been resolved under Arizona law. What case do you think resolved it? That case was the River, it was a long name, Lawrence v. Salt River Project Agricultural Improvement and Power Distribution, which talked about the notice of claim not being an adjudication on the merits. Is it a published case? That case was about Respondiat Superior, though, and the defendants were not the same in the two cases, so I'm not sure if you're right that it really resolved this question, because there, there was a question of whether you were suing the same parties, the employee or the supervisor. And I, to that extent, yes, when the 2023, when that came out, and there was a 2023 case that was the appeal of Salt River, and that dealt with a vicarious liability, which was, that was an argument that was made in the district court, discussed in the appellee's response to the, to this appeal. So to that end, the interpretation of the federal courts had been that there is a adjudication on the merits that is not satisfied by the notice of claim. And so if it's not settled under Arizona law, that has been the interpretation of the federal courts at the time. All right, so I think counsel may be fair to say that's a helpful case for your side, but I think to Judge Callahan's question, I don't think it's, it's an open and shut case. Is that fair? I would, I would say that is fair, yes. So, so let me ask you a more preliminary question in this case. This, and I apologize, this came to me yesterday, and sometimes it happens when you're reviewing cases. When I was looking at the actual state court judgments in this case, that ER 139 to 140, and then ER 142 to 143, I'm not sure we actually have final judgments from those Arizona courts. I'm going to, if you, so if you could turn to the Suria ER 139 to 140, and this is going to be a question for all counsel, because in my book, this may mean we have a problem with this whole appeal. If you look at the order in Suria, let me know when you're there. I'm there, Your Honor. All right, so in Suria, the order cites Rule 54C, but it does not have the language, no further matters pending. So it has 54C, but not, no further matters pending. Now, if you look at the Martinez order at 142 to 143, it does have the no further matters pending, but it doesn't cite Rule 54C. It cites Rule 54B. Now, I'm not an Arizona practitioner, but it's my understanding that the Arizona courts take this very strictly, their interpretation of what a final judgment is under Arizona law, and that if an order from a trial court does not have both of those things, it is not a final order under Arizona law, and the procedure normally is, if you want to appeal it, you have to go back to the trial court, have them effectively issue a new order or amend their order, which then gives the court jurisdiction. So I know this is kind of out of left field, and none of this has been briefed, and it wasn't in the district, it wasn't before the district court on the federal side, but can you speak to this at all, because it seems to me that if we don't have a final judgment, I'm not sure where we are in this case, because if it's not a final judgment, certainly not preclusive, then maybe it's a split claim. I don't know where we are, but I, for my comfort in this case, I do need that question answered. If you're not prepared to answer it today, we can maybe order, issue supplemental briefing on this point, but if you could speak as much as you can about, do these two orders satisfy Rule 54C? Based on your question and my understanding of Arizona law to that point, which obviously is not researched, I would agree that there may be an issue that that is not a final order for either Mr. Soria or Mr. Martinez, and I would welcome the opportunity to do additional briefing on that issue. And I think that that might be dispositive, because if there's not a final order as to the superior court, then there, just as we've been arguing in the appeal right now, there would not have been a legal basis for preclusion to be applied by the district court in this case. So, I think that additional briefing would be necessary there. Because again, my other colleagues are better in civil procedure than I am, but there could be another problem with what exactly we're reviewing here, because normally we have to review an entire judgment, not a partial judgment, and the district court would have to certify under whatever that rule is that we can certify. Judge Friedland knows this much better than I do. But it seems to me there could be a lot of problems here. So, okay, no, I understand if you're not prepared to argue today, just this occurred to me, and I think, you know, we'll conference afterwards, and I may ask the panel to send an order asking for supplemental briefing on this question, unless one of the other lawyers has the magical answer that solves this problem for me. Can I just ask a follow-up? It sounds like we might need supplemental briefing, but is it your understanding that the state court actions are still ongoing? Because it would be your clients with those actions, and I'm wondering whether your clients have ongoing actions in state court and federal court. No, there are no ongoing actions in the state court. Okay, you can proceed on that. Okay, okay, thank you. I know, this is a surprise, but that's the joy of court. Gotta love it. So, moving on, to the extent that the court were to consider the waiver issue that was raised by the appellees here, that is really the only question, because the appellees seem to have conceded that the notice of claim was not an adjudication on the merits. So, if we conclude that you waive the argument that procedural dismissal in this case was not a ruling on the merits, what exception to the waiver rule would you have us apply? Sure, Howell at 627 and Emmert at 986 talk about waiver as discretionary, if it's a pure question of law, or if there's a fully developed factual record. We have both of those. The notice of claim dismissal for preclusion is a question of law, and the facts to answer that question are already in the record. At ER 136, you have the Superior Court 12B6 order. It says not only has Plaintiff voluntarily dismissed the unnamed employees from this lawsuit, but as noted above, Plaintiff cannot pursue claims against the employees because Plaintiff did not serve the with the notice of claim. And also at ER 140, it says that without the notice of claim being served on the officers, the Plaintiff's claims against the City of Phoenix cannot proceed. Those are the facts needed to actually determine the issue of law, and based on those facts, as we discuss in the brief, there would be a legal, necessary legal determination that the of voluntary dismissal and whether the voluntary dismissal was with or without prejudice. And that is also a pure issue of law, and it's also an issue where the facts are fully developed. If you look at ER 134, the Superior Court lists everything that it received and considered in relation to its order. There was nothing about the answer. There was nothing about a motion for judgment, and the Superior Court did specifically consider the Rule 41A1A, Notice of Voluntary Dismissal against the Doe Defendants. And then when you look at ER 104, that establishes, for purposes of the record, that the notice of voluntary dismissal was a notice without prejudice. And if you look at ER 7, the record shows that the District Court acknowledged that the appellants voluntarily dismissed the does from the Superior Court case and that a notice because of the notice of claim had not been filed. When you combine all of that together, what you have is a fully developed legal question with all of the facts necessary on two different levels. So you're down to four minutes. Let me find out if my colleagues have any questions. We don't have any questions right now. Do you want to reserve the balance? Yes, please. Thank you. All right. We'll proceed to Ms. Caballero-Daltrey. Good morning, Your Honors. May it please the Court? My name is Ashley Caballero-Daltrey, and I represent Lieutenant Moore in this matter. I'm going to start, I think, right where we left off with the waiver issue and the exceptions to waiver, because I want to bring to this Court's attention a recent en banc decision from the Court. This Court may be aware it came out two weeks ago on January 13th, United States v. Gomez. That's number 23435. There's no federal reporter site for it yet. That case is a criminal case analyzing these waiver exceptions that we're talking about and explicitly doing away with the pure law exception that plaintiffs were just discussing. So the genesis of the pure law exception is that it comes from a series of criminal cases that we're trying to find a way for cases to still be heard, and it got around the plain error standard. And in Gomez, this Court said that it had created the pure law exception completely out of whole cloth and that it was time to do away with the fact that it had done that because it conflicted with United States Supreme Court precedent and the criminal rules of procedure. We're not dealing with the criminal rules of procedure here, are we? Exactly. That was what I was just getting to. Thank you, Your Honor. So the criminal rules of procedure don't apply here, but the problem that we have is the pure law exception comes entirely from cases that have now been explicitly overruled. But if they were overruled in the criminal context based on the criminal rules of procedure, I don't know how that would have any bearing on the civil context. I think that it means that the cases, the civil cases that are using it are now on shaky ground because a lot of those civil cases had only ever picked it up repeating what the criminal cases had said without analyzing the reason for the exception. And in fact, there's a split in waiver cases in this Court. Some of the cases just say if a litigant fails to raise the issue below, that they've waived the issue and they stop there. And we saw that recently in this Court's opinion in Doe v. Horn. That's 115F41083. That's a 2024 case. And the Court, in a footnote, tried to clean this up a little bit in footnote 19 to discuss the fact that there are these series of cases that say things like, it is claims that are deemed waived or forfeited, not arguments. We saw a lot of that case law in plaintiff's reply brief, some cases like Yee v. City of Escondido. But in Doe v. Horn, this Court said those cases do not alter our general rule that we will ordinarily not consider arguments raised for the first time on appeal. So we've got two different sets of waiver case law. We've got cases like Doe that just say we don't review cases for the first, arguments made for the first time on appeal. And then we've got a couple of civil cases citing a series of criminal cases that have now been overruled that create these exceptions to waiver. And even within those civil cases that are citing the now overruled criminal cases, there is a split of what the question of pure law, what the exception actually is. It's meant to be a narrow exception. And I think that Raich v. Gonzalez, which we cited in our brief, we also cited United States v. Flores Payne, which is now overruled, but that same test appears in Raich, is that the party will suffer no prejudice as a result of the failure to raise the issue in the trial court, is the correct way to look at it. Because the articulation that we just heard from plaintiffs, that as long as it's somewhere in the record, wouldn't mean that the pure law exception would essentially swallow the rule on any legal argument. It makes sense in a criminal context, because at the end of a trial, you want to make sure that everything had come out in trial to be able to review it on appeal, or at least it did make sense in a criminal context before United States v. Gomez. But in a case like this- Would you agree that the issue presented here, whether notice of claim defects or final decisions on the merits is unsettled under Arizona law? Your Honor, in our brief, we took the position that Lawrence settled the issue. I understand that Lawrence is a respondeat superior case, but in that case, the Arizona Supreme Court used language like the judgment is not a final judgment on the merits. They talked about dismissals under Rule 41. They talked about other kinds of dismissals. I think that was a position we took in the brief, that it was in fact settled by Lawrence. So counsel, I raised the question about whether we even have jurisdiction in this case to begin with, or maybe we would have jurisdiction, but what path we go down. Can you speak to the Rule 54C issue that I raised? I can speak to the Rule 54C issue that you raised, although this is a new question for us, so I'll do it to the best of my ability. I see in the record that the first judgment, the judgment in the Soraya case has the 54C reference. It is signed, but it doesn't have the proper language. I think an Arizona court would find that that's not proper under Rule 54C. The second judgment, the Martinez judgment, has the correct language under 54B, so it is a final judgment under 54B. There may be a question as to whether it should have been under 54C, but to me, it reads that it has the magic language either way. It has both a no reason for just delay, that's the 54B language, and it has the no further matters remain pending, that's the Rule 54C language. So I think that particular one, an Arizona court of appeals may see as a final judgment under either standard. It certainly is a Rule 54B judgment, and that is a final judgment. It just, a 54B judgment typically only covers certain claims or certain parties. It looks like it's trying to cover all of them, but it is a valid- Do you think that was a typo, or what do you think? It may have. I don't know. I wasn't part of that case. It may have been a typo, but I think even if it was, it doesn't matter because it has the magic language under both Rule 54C and Rule 54B. Right, but if it's a 54B, that means there are other claims floating around somewhere, correct? Correct. If it were a 54B, but I have seen in Arizona courts where there's a signed 54B, but there's not actually other claims remaining anywhere as a practical matter. It's essentially, it's still a final judgment as to the claims that are mentioned in the judgment. The fact that there's no other claims, there's just nothing else to be resolved at that point. Normally, if something was going to be a final judgment on Arizona law under 54C, it would say 54C. It would, Your Honor, yes. The rule says it has to say 54C, and this one didn't. But a 54B judgment is appealable, so it is a final judgment as to what is- As to something. I guess what I'm saying is it seems to me there's a lot of stuff that got mixed up in this case at the beginning that's never really been sorted out, and so now we have it, and we're trying to figure out are these judgments preclusive or not. You've said, I think correctly, as to one of the plaintiffs, it's not a final judgment, and maybe it is for the other one, but we have to kind of do these gymnastics to get there. So I think normally in Arizona, what happens is you go back to the trial court and you get this corrected before you go forward, correct? Yes, that's correct. But I think for your purposes, and I would request further supplemental briefing on this issue, but I think I don't know that the technical problems of the judgments in the Arizona state courts, whether or not that should necessarily change your claim preclusion analysis, although ultimately our argument is that they waived this issue. So it kind of doesn't matter at this point, because they never- If we agree with you, it may not matter, but under Arizona law, a judgment is only preclusive if it's final. I mean, that banner makes that very clear. Yes. All right. Do you have either my- All right. Your time has expired. You're over time, so we'll go on to Ms. Burke, and you have eight minutes. Thank you, Your Honors. May it please the court, I am Lori Burke, and I'm here on behalf of defendants, City of Phoenix, Douglas McBride, Joseph Gage, Jeffrey Meele, and Eric Selvius. There were other former parties mentioned by plaintiffs in their opening brief, but those plaintiffs were dismissed with prejudice pursuant to stipulation, so they are not part of this Let me address Judge Owens' astute bringing up of this issue. I think you are correct. I see this most commonly in family law cases. I also do family law, and the court is very serious about having the correct language and no further matters remaining pending. But I would like the opportunity to brief that for the reasons that Ms. Caballero-Daldry brought up, but I agree with you. That could be an issue in terms of the finality of that in state court, but I agree with her that it doesn't really affect this appeal, at least as to my clients. My clients were granted summary judgment on clearly established, for instance, and that was not appealed. The summary judgment ruling by the court was not appealed. So in terms of the federal claims, we can still get final judgment from this court, an affirmance of the final judgment. We may be back in state court on state law claims, but I think that's a separate issue. Plaintiffs do not dispute that, or appellants do not dispute that the City of Phoenix Monell claim was dismissed by their stipulation in the response to the motion for summary judgment. We did get final judgment, 54B language, on that issue. They did not timely appeal it. So the Monell claim is gone. That should be affirmed. In terms of the First Amendment retaliation claim, same thing. The court found that both that my clients were entitled to qualified immunity, both on no constitutional violation and not clearly established. So that should be affirmed. And in the event the court does not find waiver in this case, I think that the court can still find that the false arrest claim should not come back based on the district court's clearly established analysis, because that goes directly to the issue of probable cause for arrest, that my clients did not need to make an independent determination that the unlawful assembly order was valid and did not need to make an independent determination as to whether there was probable cause for arrest. So regardless of what happens with the waiver issue, the false arrest claim would not come back into this case or should not come back into this case. So what should come back? The Fourth Amendment excessive force? That would be the only possible one that would not be addressed by the court's ruling. Yes. But that's only if the court finds there was no waiver. It's our position that there was a waiver and that nothing should come back. But if there was no final, well, so you're saying we don't even talk about whether there's a final judgment because you think there was a waiver of the whole issue. Correct. But if we don't agree with you about the waiver, then we're going to have to sort out this final judgment question. Correct. Well, yes, but only for my clients. And that accepts McBride because the district court also found that Sergeant McBride had no involvement in the arrest, the decision to arrest, the arresting itself. So he cannot have committed excessive force or false arrest. So he shouldn't come back either. So really the only issue that could potentially come back if the court, for my clients, if the court finds that there was no waiver would be the excessive force claim against the individual defendants other than McBride, which would be Jeffrey Meehl, Selvius, and Joseph Gage. Those would be the only claims that could potentially come back. And again, plaintiffs did not address the clearly established element in their answering brief. They waived that and didn't appeal it in the first place. And so the officers who have been dismissed by stipulation and cannot come back in are McGee, Cozad, Pineda, and Lewis. There are issues as to the pleading of the excessive force claim, but obviously that's something we would need to address if that was revived. So I never quite heard. Do you agree that the notice of claim defects, whether they're final judgments or not, is unsettled under Arizona law? I don't think so. I think under the Lawrence v. Salt River Project agricultural improvement case, I agree with Ms. Caballero-Daltry that that's pretty much settled under that case. They overruled the graph and they made it clear that dismissal with, and I'm quoting the case at paragraph 47, a dismissal with prejudice is not a final determination if based upon some ground which does not go to the merits. And so that's really the discussion was about. They did talk about the district court cases that had addressed that issue, one of them being Strickler, that specifically dealt with notice of claim. So even though Lawrence v. Salt River Project was a respondeat superior case not involving a notice of claim, I think that case still answers the question and makes it clear that as of that date in 2023, the law in Arizona is that any dismissal with prejudice that does not address the merits can't be used against, or isn't a judgment on the merits. And you think the notice of claim issue is not a merits issue. So the argument you're making is against your interest except for the fact that you have your waiver point. Am I right? Correct. That is correct. Yeah. Unless the court has further questions for me. Thank you for your argument. Thank you. All right, Mr. Harris, you have three minutes and 57 seconds left on the clock. Oops, can't hear you. You need to unmute. You're on mute. I apologize. You're good now. First, I start off with agreeing with Ms. Burke that based on the summary judgment adjudication of qualified immunity, that the only thing that should come back is excessive force, as opposed to excessive force and unlawful arrest. I think the qualified immunity determination at summary judgment probably would cross apply to that. When you look at the fact that in this procedural posture, whether or not waiver occurred is a question that you answer by looking at the record. At 12B6, the appellees had the burden to establish based on the face of the complaint and whatever else is available in the record, whether or not preclusion applies. That's their burden. When you consider Whitaker at 515, there is no bright line for whether preservation has or has not occurred. At 2ER95, the motion to dismiss responsive issue in this case stated that right for exploration is whether the dismissal based on the failure to properly serve a notice of claim is truly a resolution on the merits supporting a final judgment. Then when you look at the response to the SIR reply at 2ER87, the appellees argued that the Superior Court judgment was on the merits in response to plaintiff's SIR reply argument that the notice of claim failure was merely a technical defense. Can I ask a question? I think that one of the arguments that was just made is that the excessive force issue that you think is the issue we should consider, that you also waive that by not briefing it to us. Do you have a response to that? I didn't understand the argument to be that we waived excessive force by not briefing it to us. We argued that the excessive force and the unlawful arrest should be remanded. I am saying now that excessive force definitely would be remanded because their argument only applied to unlawful arrest vis-a-vis the qualified immunity determination at summary judgment. They didn't make an argument that excessive force should also not be remanded or should be upheld based on qualified immunity at the summary judgment. So going back to 2ER87, when the appellees are arguing that the Superior Court decision was in response to our saying that it was a technical defense, that links back to the opening brief on appeal when we cite Strickler and Hovater where in our brief at pages 6 and 7 that the dismissal is not on the merits but it's more like a statute of limitations. And that flows back into the argument that Ms. Burke was making that whether there was a statute of limitations issue, whether there was a notice of claim issue, that doesn't tell anybody whether or not the underlying facts actually occurred, whether there was excessive force. And the district court... But statute of limitations has been treated as a merits issue in Arizona, hasn't it? I'm not sure if it has been treated as a merits issue but I was analyzing that in the sense that whether the statute of limitations did or did not pass doesn't establish whether excessive force occurred, whether the notice of claim issue was or was not timely doesn't establish whether excessive force occurred. When I hear merits, I'm thinking merits of the underlying claim, not the merits of a particular affirmative defense that doesn't go towards the underlying facts. The district court in this case at 1ER9 citing Cheney also addressed the elements and because the appellees had the affirmative burden at 12B6, the fact that the district court found that preclusion applies I think covers the issue that I think covers waiver because even if a particular argument wasn't raised, the claim that preclusion doesn't apply was raised and under Yee and LeBron, even if a argument was expressly disavowed in the lower courts and not raised until cert was granted, it's not waived because claims are waived, not arguments. Thank you. All right, thank you. Unless my colleagues have any questions, that will conclude argument in this matter. Now I'm going to submit the matter as of this date but as we realized that we asked a question that may require supplemental briefing, we don't conference on our cases until after we oral argument. So if in fact we do decide we're going to have supplemental briefing, sometimes we do withdraw submission and all that that means is because we like to decide our cases within a certain period of time but if we're going to open up briefing again and I don't know whether we will but you'll be notified to that but I'm going to submit it as of this date. All right, thank you.
judges: CALLAHAN, OWENS, FRIEDLAND